```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

|  |  |
|---|---|
| THE NEW YORK TIMES COMPANY and SCOTT SHANE, <br><br> Plaintiffs, <br><br> - against - <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | **COMPLAINT** <br><br> No. 15-cv-4829 |

Plaintiffs THE NEW YORK TIMES COMPANY and SCOTT SHANE, by their undersigned attorneys, allege for their Complaint:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to order the production of agency records from the Federal Bureau of Investigation ("FBI") in response to a request properly made by Plaintiffs The New York Times Company and Scott Shane.

### PARTIES

2. Plaintiff The New York Times Company publishes The New York Times newspaper. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York.

3. Plaintiff Scott Shane is a reporter for The New York Times.

1

4. Defendant the FBI, a component of the Department of Justice, is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. Plaintiffs have exhausted all administrative remedies available in regards to the request at issue. FBI failed to decide Plaintiffs' administrative appeal within the time frames set by FOIA, and therefore Plaintiffs are deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8. On July 29, 2014, Mr. Shane submitted a FOIA request (the "Request") to FBI seeking summaries of interviews (typically referred to as "302s") conducted by FBI agents with Umar Farouk Abdulmutallab.

9. On October 6, 2014, the FBI denied the Request, citing Exemption 7(A), which pertains to law enforcement materials.

10. Mr. Shane appealed that denial to the Office of Information Policy ('OIP") at the Department of Justice.

11. On December 16, 2014, OIP granted the appeal noting that it had consulted with the FBI and concluded that Exemption 7(A) might no longer apply to some of the materials. OIP directed the FBI to conduct a second review of the Request.

12. On March 20, 2015, the FBI again denied the Request, this time citing not only Exemption 7(A) but also several others. The exact number of exemptions is unclear because, as a result of typographical errors, the denial letter refers to nonexistent provisions of FOIA.

13. On March 24, 2015, Mr. Shane appealed to OIP the new denial from the FBI.

14. That appeal has not been acted upon by OIP.

## COUNT

15. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

16. The FBI is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

17. Under 5 U.S.C. § 552(a)(6)(A), OIP, as the administrative appeals unit for the FBI, was required to decide Mr. Shane's appeal, within 20 business days of receiving the Request.

18. Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

19. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies as to the Request.

3

58986

20. There is no lawful basis under FOIA for withholding documents asked for by the Request.

21. The FBI's failure to provide responsive documents violates FOIA.

22. Accordingly, Plaintiffs are entitled to an order compelling the FBI to undertake an adequate search of its records and produce the documents sought by the Request.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and 5 U.S.C. § 552(a) and must be disclosed;

b. Order the FBI to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

c. Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

d. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 22, 2015

                                                                                                  _____
Jeremy A. Kutner, Esq.
David E. McCraw, Esq.
Legal Department
The New York Times Company
620 8th Avenue, 18th Floor
New York, NY 10018
phone: (212) 556-5188
fax: (212) 556-1009
e-mail: jeremy.kutner@nytimes.com
*Counsel for Plaintiffs*

58986